UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DESHAWN NICHOLS,

       Plaintiff,                             Case No. 1:24-cv-10345

v.                                             Honorable Thomas L. Ludington
                                               United States District Judge
ANNE MARIE MCCARTHY et al.,

       Defendant.

_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

About nine years ago, Plaintiff Deshawn Nichols was convicted of armed robbery and sentenced to 12 to 25 years of imprisonment. In February 2024, he filed a complaint alleging that several state officials who contributed to this conviction and imprisonment violated his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983, rendering his conviction and imprisonment unlawful. Shortly after, he filed a Motion to Appoint Counsel to assist with his case. As explained below, this case will be dismissed for various reasons, and Plaintiff's Motion to Appoint Counsel will be denied as moot.

I.

In 2015, Plaintiff Deshawn Nichols was convicted of armed robbery following a bench trial in the Wayne County Circuit Court. *See* Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=925315 [https://perma.cc/M65G-TB7K]. He was sentenced to 12 to 25 years in prison. *Id.* He is currently confined in Muskegon, Michigan at the Earnest C. Brooks Correctional Facility (LRF). *Id.*

On February 9, 2024, Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. ECF No. 1 at PageID.5. The Complaint names as Defendants Wayne County Circuit Court Judges Anne Marie McCarthy and Catherine L. Heise, Wayne County Prosecutor Kym L. Worthy, Wayne County District Judge David M. Parrott, Romulus Police Detective Carolyn Harkins, Warden Kim Cargor, and MDOC Director Heidi Washington. *See id.* at PageID.2–4. Plaintiff does not indicate whether he is suing them in their individual or official capacities. *See id.* And although the Complaint's claims are murky at best, Plaintiff ultimately states that his conviction and imprisonment are unlawful because Defendants violated his Fourth and Fourteenth Amendment rights through conspiracy, illegal arrest/false warrants, fraud, lack of subject matter jurisdiction, illegal bond, due process, and false imprisonment claims. *See id.* at PageID.7, 10. He thus seeks release from prison and monetary damages. *Id.* at PageID.11.

The same day Plaintiff filed his Complaint, he applied to proceed *in forma pauperis*. ECF No. 2. Magistrate Judge David R. Grand granted the application three days later. ECF No. 4. About a month later, Plaintiff filed a motion seeking appointed counsel. ECF No. 6.

## II.

Under the Prison Litigation Reform Act (PLRA), courts must dismiss an *in forma pauperis* complaint before service if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The same rule applies to complaints against government entities or officials. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Courts construe *pro se* complaints liberally. *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). But these complaints still must meet Civil Rule 8(a)'s pleading requirements, which mandate "a short and plain statement of the claim" showing entitlement to relief and "a demand

for the relief sought." FED. R. CIV. P. 8(a)(2), (3). This standard doesn't require detailed facts but does require more than bare legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). A complaint offering "labels and conclusions" or "naked assertions" without factual support won't suffice. *Iqbal*, 556 U.S. at 678. Factual allegations must push the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.

Plaintiff's Complaint must be dismissed for three reasons. First, Plaintiff's claims are "*Heck* barred." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) *(*citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Under *Heck*, state prisoners § 1983 claims are barred if the claims' success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. This holds true regardless of the relief sought by the plaintiff. *Id.* at 487–89. "The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." *Sampson*, 917 F.3d at 881 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). And here, Plaintiff's § 1983 claims contest the lawfulness and validity of his state confinement. ECF No. 1 at PageID.7, 10. Thus, under *Heck* and its progeny, Plaintiffs' claims are barred.

Second, to the extent that Plaintiff sues Defendants McCarthy, Heise, Worthy, Parrott, Cargor, and Washington in their official capacities, they are entitled to Eleventh Amendment immunity.[1] The Eleventh Amendment bars actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan

---

[1] This Court need not address immunities given that the claims are *Heck* barred. But for completeness, this Court will do so.

has not consented to suit in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (cleaned up). Nor did Congress abrogate State sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). And Eleventh Amendment immunity applies to State employees who are sued under § 1983 in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (cleaned up); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

Relevant here, the Wayne County Circuit Court is a part of and governed by Michigan's judicial branch. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–63 (6th Cir. 2010) (citing MICH. CONST. ART. VI, § 1) (stating all of Michigan's courts, including those trial level courts funded by local funding units, are part of one, unified judicial branch of the state). Michigan courts thus operate as arms of the State and are entitled to the same sovereign immunity as the State of Michigan. *Pucci*, 628 F.3d at 762–64. And this sovereign immunity extends to state judges and prosecutors in Michigan who are sued in their official capacities. *See Pucci*, 628 F.3d at 764 (judges); *Cady*, 574 F.3d at 342–45 (prosecutors). So because Defendants McCarthy, Heise, Worthy, Parrott, Cargor, and Washington are prosecutors, judges, or officials for state agencies, to the extent Plaintiff sues them in their official capacities, they are entitled to Eleventh Amendment immunity.

Third, to the extent that Plaintiff sues Judges McCarthy, Heise, and Parrott and Prosecutor Worthy in their individual capacities, they are entitled to absolute judicial and absolute prosecutorial immunity, respectively.[2] Judges are entitled to absolute judicial immunity on claims

---

[2] "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999). As a result, this Court need not address individual-capacity immunities. But again, for completeness, this Court will do so.

- 4 -

for monetary damages under § 1983 arising out of the performance of their judicial duties. *See Mireles v Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Plaintiff's claims against Defendants McCarthy, Heise, and Parrott concern the performance of their judicial duties. ECF No. 1 at PageID.7, 10. Thus, Defendants McCarthy, Heise, and Parrott are entitled to absolute judicial immunity on any individual claims for damages against them.

Likewise, prosecutors are entitled to absolute immunity on claims for monetary damages under § 1983 for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision to file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding prosecutor was absolutely immune from suit for allegedly conspiring to present false charges to grand jury). Defendant Worthy—the named prosecutor here—is thus entitled to prosecutorial immunity on any individual claim for damages arising from her advocacy in Plaintiff's state criminal proceedings, and any such claim against her must be dismissed.

In sum, Plaintiff's Complaint fails to state a claim or seeks monetary relief from an immune defendant for three reasons. First, Plaintiff's claims are *Heck* barred. Second, because Defendants McCarthy, Heise, Worthy, Parrott, Cargor, and Washington are prosecutors, judges, or officials for state agencies, to the extent Plaintiff sues them in their official capacities, they are entitled to

Eleventh Amendment immunity. Third, to the extent that Plaintiff sues Judges McCarthy, Heise, Parrott, and Prosecutor Worthy in their individual capacities, they are entitled to absolute judicial and absolute prosecutorial immunity. Plaintiff's Complaint, ECF No. 1, will therefore be dismissed. And Plaintiff's Motion to Appoint Counsel, ECF No. 6, will be denied as moot.

### IV.

Accordingly, it is **ORDERED** that Plaintiff Deshawn Nichols's Complaint, ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that Plaintiff's Motion to Appoint Counsel, ECF No. 6, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

Dated: December 16, 2024               s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge